United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEFINO VELARDE and CARMELITA MENDOZA VELARDE,<br><br>            Plaintiffs,<br><br>     v.<br><br>WELLS FARGO BANK, N.A., et al.<br><br>            Defendants.<br>_____/ | No. C 10-2255 MMC<br><br>**ORDER GRANTING DEFENDANT FIRST AMERICAN LOANSTAR TRUSTEE SERVICES' MOTION TO DISMISS FIRST AMENDED COMPLAINT; GRANTING IN PART AND DENYING IN PART DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS/ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT; VACATING HEARING; CONTINUING CASE MANAGEMENT CONFERENCE** |

Before the Court are defendant First American Loanstar Trustee Services' ("First American") Motion to Dismiss First Amended Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss Amended Complaint/Alternative Motion for More Definite Statement, pursuant to Rules 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure, filed, respectively, July 7, 2010 and July 9, 2010. On August 13, 2010, plaintiffs filed an Opposition to Wells Fargo's motion, to which First American and Wells Fargo have separately replied.[1]  Having read and considered the papers submitted by the parties, the Court deems the matter appropriate for decision thereon, VACATES the hearing scheduled

---

[1] Plaintiffs did not file an opposition to First American's motion.

for September 3, 2010, and rules as follows.

1. The First Cause of Action, "Unlawful Foreclosure (Civil Code §§ 2924; 2934.5)," alleged against First American and Wells Fargo, is subject to dismissal for the reason that such claim is based on plaintiff's allegation that the notice of default at issue herein was defective; in particular, plaintiffs allege, First American was not authorized to file said notice prior to its substitution as foreclosing trustee. Pursuant to California Civil Code § 2924, however, "[t]he trustee, mortgagee, or beneficiary, or any of their authorized agents" may file "a notice of a default." Cal. Civ. Code § 2924(a)(1). As defendants point out, First American filed the notice of default "as agent for the current beneficiary," which beneficiary was Wells Fargo. (See Wells Fargo's Request for Judicial Notice ("RJN") Ex. B (Notice of Default) at 2; id. Ex. A (Deed of Trust).) Further, plaintiffs cite no authority for their contention that "there must be a separate agreement . . . naming First American as Wells Fargo's agent." (See Opp. at 5:19-21.) Plaintiffs' final argument, that, assuming First American was acting as Wells Fargo's agent, plaintiffs neither knew nor had reason to know of such fact (Opp. at 5:25-26), is unavailing. See Cal. Civil Code § 2924(a)(1) (providing requirements for content of notice of default).

Accordingly, the First Cause of Action will be dismissed without leave to amend.

2. The Second Cause of Action, "Rescission & Restitution/TILA (15 USC § 1635, 12 CFR § 226.23)," alleged against Wells Fargo and Goldpointe Financial Services ("Goldpointe")[2], is not subject to dismissal. Contrary to Wells Fargo's argument, plaintiffs are not required to return or tender the loan proceeds as a predicate to pleading such claim. See Yamamoto v. Bank of N.Y., 329 F.3d 1167, 1171 (9th Cir. 2003) (holding district court has "discretion to condition rescission on tender by borrower"; further holding determination as to whether recision should so be conditioned "depends upon the equities present in [the] particular case"). Further, Wells Fargo is not entitled to a more definite statement. See Fed. R. Civ. P. 12(e) (providing "[a] party may move for a more definite

---

[2]To date, Goldpointe has not been served.

1 statement of a pleading . . . which is so vague or ambiguous that the party cannot
2 reasonably prepare a response").

3       3.      The Third Cause of Action, "Violations of Real Estate Settlement Procedures
4 Act (RESPA) (12 U.S.C. § 2605, et seq.)," alleged against Wells Fargo and Goldpointe, is
5 based on plaintiffs' allegation that Wells Fargo violated RESPA by (1) failing to respond to a
6 qualified written request ("QWR") (FAC ¶¶ 20, 38), and (2) paying "secret kickbacks" to
7 Goldpointe (FAC ¶ 39).[3]

8       As to the first such claim, plaintiffs, contrary to Wells Fargo's argument, have not
9 failed to plead sufficient facts to provide Wells Fargo "fair notice of what the . . . claim is
10 and the grounds upon which it rests," see Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555
11 (2007) (internal quotation and citation omitted), nor is such pleading "so vague or
12 ambiguous" as to preclude a reasonable response, see Fed. R. Civ. P. 12(e); see also 12
13 U.S.C. § 2605(e)(1)(A) (providing, loan servicer is required to respond to qualified written
14 request from borrower with "written response acknowledging receipt of the correspondence
15 within 20 days"); (FAC ¶ 20 (alleging, plaintiffs "under the right to rescind, sent the notice of
16 cancellation to Wells Fargo and a Qualified Written Request on March 8, 2010 by Certified
17 Mail and Plaintiffs have not yet received Wells Fargo's response, which is required within
18 20 business days of receipt")).

19       The second such claim, however, as Wells Fargo notes, is barred by the applicable
20 statute of limitations. See 12 U.S.C. § 2607 (prohibiting payment or receipt of any "fee,
21 kickback, or thing of value" relating to mortgage loan referrals); 12 U.S.C. § 2614 (providing
22 claims for violation of § 2607 must be brought within one year from date of occurrence of
23 violation). Plaintiffs allege their loan closed on June 11, 2007 (FAC ¶ 9); plaintiffs did not
24 file the instant action until April 23, 2010. Although, in their opposition, plaintiffs assert they
25 were "unaware [of the facts supporting their claim] until January 2010" (Opp. at 9:6-10), the

26 ―――――

27 [3]The Third Cause of Action also alleges Wells Fargo violated RESPA by failing to
provide them with a good faith estimate ("GFE") for their loan. (FAC ¶ 41.) In their
28 opposition, however, plaintiffs "concede that they did receive a GFE." (See Opp. at 9:14-15.)

3

FAC is devoid of any such allegations.

Accordingly, the Third Cause of Action will be dismissed with leave to amend.

4. The Fourth Cause of Action, "Unfair Business Practices (Bus. & Prof. Code § 17200, et seq.)," alleged against Wells Fargo and Goldpointe, is based on plaintiffs' allegations that (1) Goldpointe "steered Plaintiffs into a high-risk loan" (FAC ¶ 44), and (2) Wells Fargo paid secret kickbacks to Goldpointe (FAC ¶¶ 20, 38). The first such claim fails, as Wells Fargo notes, because plaintiffs do not allege Wells Fargo participated in the acts attributed to Goldpointe; plaintiffs' efforts to rely on facts other than those pleaded in their First Amended Complaint (Opp. at 10:2-7) are unavailing. The second such claim fails for the same reasons as discussed above with respect to plaintiffs' pleading of unlawful kickbacks in support of the Third Cause of Action.

Accordingly, the Fourth Cause of Action will be dismissed with leave to amend.

## CONCLUSION

For the reasons stated above, First American's motion is hereby GRANTED, and Wells Fargo's motion is hereby GRANTED in part and DENIED in part, as follows:

1. With respect to plaintiffs' First Cause of Action, the motions are GRANTED, and such claim is DISMISSED without leave to amend.

2. With respect to plaintiffs' Plaintiffs' Second Cause of Action, Wells Fargo's motion is DENIED.

3. With respect to plaintiffs' Third Cause of Action, to the extent said cause of action is based on payment of secret kickbacks, Wells Fargo's motion is GRANTED and such claim is DISMISSED with leave to amend; to the extent said cause of action is based on plaintiffs' QWR, the motion is DENIED.

4. With respect to plaintiffs' Fourth Cause of Action, Wells Fargo's motion is GRANTED and such claim is DISMISSED with leave to amend.

5. Plaintiffs' Second Amended Complaint, if any, shall be filed no later than September 24, 2010.

1  In light of the above, the Case Management Conference currently scheduled for September 3, 2010 is hereby continued to December 10, 2010.

**IT IS SO ORDERED.**

Dated:  September 2, 2010

MAXINE M. CHESNEY
United States District Judge